# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STEVENS and STEVEN VANDEL, individually and on behalf of all others similarly situated,<br><br>                          Plaintiffs,<br><br>v.<br><br>CORELOGIC, INC.,<br><br>                          Defendant. | Case No. 14-cv-1158-BAS-JLB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES** |

      Plaintiffs Robert Stevens, Steven Vandel, and Affordable Aerial Photography, Inc., (collectively "Plaintiffs") bring this putative class action alleging that Defendant CoreLogic, Inc. falsified, removed, or altered Plaintiffs' copyright management information in violation of 17 U.S.C. § 1202. (ECF No. 34.) Presently before the Court is Plaintiffs' motion to strike affirmative defenses in CoreLogic's answer to Plaintiffs' second amended complaint. (ECF No. 43-1.) CoreLogic filed an opposition to which Plaintiffs replied. (ECF Nos. 46, 51.)

      The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons that follow, the Court **GRANTS** Plaintiffs' motion to strike Defendant's affirmative defenses.

CoreLogic must file any amended answer curing the defects noted by the Court no later than **December 1, 2015**.

## I. BACKGROUND

This putative class action centers on Plaintiffs' allegations that CoreLogic falsified, removed, or altered Plaintiffs' copyright management information (CMI) in violation of 17 U.S.C. § 1202. Plaintiffs are professional photographers who provide real estate photography services to real estate brokers and agents. (Second Am. Compl. (SAC) 2:12–24.) CoreLogic, a Delaware corporation, is the nation's largest provider of software and technology services to real estate multiple listing services ("MLSs"). (SAC at 4.) MLSs are common databases that allow member companies to share real estate listing information across company lines. (SAC 3:6–19.) The software products and services that CoreLogic provides to various MLSs allow member real estate agents to upload listing information, including property descriptions and photographs. While MLSs pay CoreLogic for software and services to facilitate online listing of real estate information, CoreLogic pays MLSs for the right to use MLS data, including real estate photographs, to market CoreLogic products and services. (SAC at 4, 5.) Plaintiffs allege that millions of their real estate photographs (including photographs created by unnamed class members) have been uploaded to MLSs using software in CoreLogic's custody or control. *Id*.

The gravamen of Plaintiffs' complaint concerns what CoreLogic allegedly does after Plaintiffs' photographs are uploaded to an MLS. Plaintiffs assert that when their real estate photographs are first uploaded to an MLS, the photographs contain embedded metadata identifying the source of the work. This copyright management information ("CMI") includes the name of the photographer, the name of the copyright owner, the terms and conditions of use, and/or geo-location information. (SAC at 12.) Plaintiffs allege that when CoreLogic comes into possession of Plaintiffs' photographs—for example, by copying or downloading them from an MLS—the company knowingly strips, removes, or otherwise alters the

CMI in violation of 17 U.S.C. § 1202(b), and/or falsifies CMI—by placing CoreLogic's own copyright notice on the same webpage as the digital images owned by Plaintiffs—in violation of 17 U.S.C. § 1202(a). (SAC 11–15; 33–39.)

The provisions under which Plaintiffs bring this action are notable for the *mens rea* required to find a violation.[1] The first provision, 17 U.S.C. § 1202(a), provides in part that "[n]o person shall *knowingly* and *with the intent* to induce, enable, facilitate, or conceal infringement[,] provide copyright management information that is false[.]" (italics added). The second provision, 17 U.S.C. § 1202(b), provides in part that "[n]o person shall, without the authority of the copyright owner or the law . . . intentionally remove or alter copyright management information, . . . *knowing* . . . [or] *having reasonable grounds to know*, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." (italics added). The plain language of the provisions makes clear that no violation will be found without the accompanying intent (in the case of falsification under § 1202(a)) or knowledge (in the case of removal or alteration under § 1202(b)) that the alleged acts will "induce, enable, facilitate, or conceal [copyright] infringement." Plaintiffs allege that CoreLogic had the requisite *mens rea* under the statute. CoreLogic denies that it violated § 1202 and asserts fourteen affirmative defenses primarily intended to negate the *mens rea* element of Plaintiffs' § 1202 claims. (Def.'s Answer 11–13; Def.'s Opp'n 2:17–3:25.)

## II.   LEGAL STANDARD

When responding to a complaint, a party must "state in short and plain terms its defenses to each claim asserted against it[.]" Fed. R. Civ. P. 8(b)(1)(A). Under Federal Rule of Civil Procedure 8(c), an affirmative defense "is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the

---

[1] The provisions at issue—17 U.S.C. § 1202(a) and 17 U.S.C. § 1202(b)—were added to Title 17 as part of the Digital Millennium Copyright Act (Pub. L. No. 105-304, 112 Stat. 2860 (Oct. 28, 1998)).

elements of the plaintiff's claim are proven." *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1173–74 (N.D. Cal. 2010) (internal quotation marks omitted). An affirmative defense must give the plaintiff "fair notice" of the nature of the defense. *Id*. "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). "It does not, however, require a detailed statement of facts." *Id*. "A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *see also G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-00168, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010) ("[D]enials of the allegations in the Complaint or allegations that the Plaintiff cannot prove elements of his claims are not affirmative defenses."). The burden of proof for affirmative defenses lies with the defendant. *See Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988).

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading "an[y] insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense is insufficient if it fails to provide the plaintiff with fair notice of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). A matter is "immaterial" if it has no essential or important relationship to the claim for relief pleaded, and "impertinent" if it does not pertain and is not necessary to the issues in question in the case. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). A showing of prejudice is not required to strike an affirmative defense that fails to provide fair notice, but is required to strike redundant, immaterial, impertinent, or scandalous matter. *See Minns v. Advanced Clinical Employment Staffing LLC*, No. 13-cv-03249-SI, 2014 WL 5826984, at *2 (N.D. Cal. Nov. 10, 2014). Prejudice includes "the obligation to conduct expensive and potentially unnecessary and irrelevant discovery[.]" *Bottoni v. Sallie Mae, Inc.*, No. C

10-036-2 LB, 2011 WL 3678878, at *2 (N.D. Cal. Aug. 22, 2011).

Courts generally disfavor motions to strike affirmative defenses because such motions are often used as a delaying tactic. *See Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003); *Rosales v. Citibank*, 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001). "However, where the motion may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California ex rel. State Lands Comm'n v. United States*, 512 F.Supp.36, 38 (N.D. Cal. 1981). If an affirmative defense is stricken under Rule 12(f), "leave to amend should be freely given so long as there is no prejudice to the opposing party." *Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004).

## III.   DISCUSSION

Plaintiffs move to strike all fourteen of CoreLogic's affirmative defenses primarily on three grounds. First, Plaintiffs argue that affirmative defenses one through nine and fourteen are "copyright infringement defenses" inapplicable to the 17 U.S.C. § 1202 claim brought by Plaintiffs. Second, Plaintiffs contend that nearly all of CoreLogic's affirmative defenses are proffered to negate the mental state element of Plaintiffs' § 1202 claim and so are not affirmative defenses at all, but rather denials pled as affirmative defenses. And third, Plaintiffs argue that many of the defenses do not meet the fair notice standard. For its part, CoreLogic argues that (1) the copyright-infringement defenses it has pled "can defeat the § 1202 claim by showing that the only acts that CoreLogic intended to aid were noninfringing," and (2) the remaining defenses are pled with plausible facts sufficient to satisfy fair notice. (Def.'s Opp'n 2:6–15.) This Court finds Plaintiffs' arguments persuasive.

### A. Denials and Rebuttals Pled as Affirmative Defenses

A defense that "simply provide[s] a basis to negate an element of [Plaintiffs'] prima facie case" is a negative, rather than an affirmative, defense. *Barnes*, 718 F.Supp.2d at 1174. CoreLogic argues that affirmative defenses one through nine and

fourteen are intended to demonstrate that CoreLogic did not have the requisite mental state under § 1202—i.e., that CoreLogic did not (1) remove Plaintiffs' CMI knowing or having reasonable grounds to know that removal would facilitate copyright infringement or (2) provide false CMI with the intent to facilitate copyright infringement. (Def.'s 2:6–6:6.) In other words, CoreLogic expressly roots the validity of this group of affirmative defenses in the negating function of these defenses. This argument reflects a misapprehension of the distinction between negative and affirmative defenses. When defenses are pled for the purpose of negating elements of a claim, they operate as "mere[] rebuttals against the evidence presented by the plaintiff" and are not properly pleaded as affirmative defenses. *Barnes*, 718 F.Supp.2d at 1173.

      For example, CoreLogic's first affirmative defense alleges, "The complained-of uses of and activities with respect to photographs that are subject to copyright constitute fair use." (Def.'s Answer 11:10–12.) CoreLogic argues that fair use, which it agrees is a defense specific to copyright infringement, is nonetheless proper here because it shows that CoreLogic intended to aid only in the creation of non-infringing work protected by the fair use defense. (Def.'s Opp'n 2:8–10; 3:20–26.) In CoreLogic's view, if any infringement that results from the company's removal of CMI would be subject to the fair use defense, then CoreLogic could not have had the requisite mental state to facilitate copyright infringement. This argument makes clear that CoreLogic is proffering fair use to rebut Plaintiffs' claim that CoreLogic had the requisite mental state. Thus, fair use is not being used as an affirmative defense, but rather to deny Plaintiffs' claim.

      The same defect characterizes CoreLogic's assertion of other defenses not specific to copyright infringement. For example, CoreLogic's eleventh (express license), twelfth (implied license) and thirteenth (no exclusive rights) affirmative defenses are clearly pleaded to negate elements of Plaintiffs' § 1202 claim rather than provide a basis upon which to defeat that claim assuming Plaintiffs' allegations are

true. As CoreLogic itself makes clear, the argument that the company had an express or implied license is intended to "defeat Plaintiffs' claim by showing that the alleged modifications were in fact authorized." (Def.'s Opp'n 8:16.) In other words, CoreLogic is pleading the existence of a license to demonstrate that it had permission of the copyright owner and so could not have removed or altered CMI in violation of § 1202(b). *See* 17 U.S.C. § 1202(b) (prohibiting removal or alteration of CMI *without the authority of the copyright owner* or the law). Similarly, the company's defense that "Plaintiffs do not own the asserted exclusive rights for some or all of the works" is intended to demonstrate that Plaintiffs cannot show that CoreLogic removed CMI "without the authority of the copyright owner," an element of a § 1202(b) claim. (Def.'s Opp'n 9.) Thus, these affirmative defenses are merely rebuttals of Plaintiffs' claims and must be stricken.

The Court finds that affirmative defenses one, three, and five through thirteen are improper affirmative defenses because they are proffered to negate elements of Plaintiffs' complaint, rather than defeat Plaintiffs' claims assuming all the allegations are true. Accordingly, the Court strikes these affirmative defenses.

### B. Insufficiently Pled Affirmative Defenses

The remaining affirmative defenses pled by CoreLogic are legally plausible, but do not provide fair notice of the nature and grounds of the defense. For example, CoreLogic's second and fourteenth affirmative defenses merely list provisions of Title 17 of the United States Code without stating how these provisions are relevant to Plaintiffs' § 1202 claims. Similarly, CoreLogic's fourth affirmative defense (forfeiture or abandonment) merely states a legal doctrine without any attempt, however cursory, to explain how those doctrines preclude liability even if Plaintiffs' allegations were true. Finally, affirmative defense ten (waiver, estoppel, acquiescence, statute of limitations, laches) contains little more than a recitation of legal doctrines of questionable applicability to Plaintiffs' claims. In none of these cases has

CoreLogic provided fair notice.[2] "Though a detailed recitation of facts is unnecessary, some fact or argument must be presented in order for the Court to conclude that the defense asserted is indeed an affirmative defense." *Baker v. Ensign*, No. 11–cv–2060–BAS(WVG), 2014 WL 4161994, at *4 (S.D. Cal. Aug. 20, 2014). Neither mere reference to a legal doctrine, nor a bare recitation of statutory provisions, provides fair notice of an affirmative defense absent some fact or argument explaining the defense. Thus, the Court finds that affirmative defenses two, four, ten and fourteen must be stricken on the grounds that they do not provide fair notice.[3]

### III.   CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to strike CoreLogic's affirmative defenses. Accordingly, all fourteen of CoreLogic's affirmative defenses are stricken **WITH LEAVE TO AMEND**. *Wyshak*, 607 F.2d at 826 ("In the absence of prejudice to the opposing party, leave to amend should be freely given."). CoreLogic must file any amended answer revising one or more of its affirmative defenses no later than **December 1, 2015**.

**IT IS SO ORDERED.**

**DATED: November 17, 2015**

Hon. Cynthia Bashant
United States District Judge

---

[2] Many of the affirmative defenses that the Court strikes down on the ground that those defenses were pled to negate elements of Plaintiffs' prima facie case would also fail to satisfy fair notice. In particular, affirmative defenses one, and five through nine, are bare recitations of legal doctrines with no "fact or argument" to show that these doctrines would preclude liability even if Plaintiffs' allegations were true.

[3] The Court notes that these affirmative defenses also could be stricken on other grounds. For example, affirmative defenses two and fourteen put forth statutory provisions relevant to copyright infringement claims, but these provisions seem wholly inapplicable to alleged violations of § 1202. Additionally, affirmative defense four, and at least some of the legal doctrines listed under affirmative defense ten, appear intended to negate elements of Plaintiffs' prima facie case. Thus, these defenses do not constitute proper affirmative defenses.