DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
MICHAEL A. FELDMAN (SBN 295780)
mfeldman@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

Attorneys for Defendant
CORELOGIC, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MULTIPLE LISTING SERVICE REAL ESTATE PHOTO LITIGATION | Case No. 3:14-cv-01158-BAS-JLB<br><br>**DEFENDANT CORELOGIC, INC.'S AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Ctrm: 4B (4th Floor - Schwartz)<br>Judge: Honorable Cynthia Bashant |

Defendant CoreLogic, Inc. ("Defendant" or "CoreLogic") hereby answers Plaintiffs' Second Amended Class Action Complaint ("FAC") as follows:

## I.  NATURE OF THE ACTION

1. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

## II.  JURISDICTION AND VENUE

2. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

3. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

4. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

5. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

## III.  PARTIES

### A.  Individual Representatives

6. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

7. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

8. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

### B. Defendant Corelogic

9. CoreLogic admits the allegations of this paragraph.

### IV. FACTS

#### A. CoreLogic Data and MLS Products

10. CoreLogic admits the allegations of this paragraph.

11. CoreLogic admits the allegations of this paragraph.

12. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

13. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

14. CoreLogic admits the allegations of this paragraph.

15. CoreLogic admits the allegations of this paragraph.

16. CoreLogic admits the allegations of this paragraph.

17. CoreLogic admits the allegations of this paragraph.

18. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

19. CoreLogic admits the allegations of the first sentence of this paragraph. CoreLogic lacks information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies those allegations.

20. CoreLogic admits the allegations of this paragraph.

21. CoreLogic admits the allegations of this paragraph.

22. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

23. CoreLogic admits the allegations of this paragraph.

24. CoreLogic admits that MLS data is licensed through CoreLogic's Partner InfoNet program, and that a June 14, 2010 press release regarding that program reads, in part, "Through the program, an MLS licenses its listing data for use in a variety of new

risk management products for mortgage lenders, servicers and the capital markets." CoreLogic denies any remaining allegations of this paragraph.

25. CoreLogic admits the allegations of this paragraph.

26. CoreLogic admits that its website identifies "MLS Photos" as being available in connection with "RealQuest® Professional," "AppriaserSuite," "Connect2Data® XML," "MLS Data Packages," and "Custom Match and Append Services," which are described as "MLS Data-Driven Solutions." CoreLogic admits that its website contains the following statements: "MLS Data-Driven Solutions provides Lenders with timely and accurate information (analytics / solutions) to support risk management initiatives."; "Appraisers seeking to improve the quality of valuation products and services (to lenders) can benefit from MLS Data-Driven Solutions reports"; and "MLS Data-Driven Solutions provides government agencies with a solution for risk management initiatives." CoreLogic denies any remaining allegations of this paragraph.

**B.     Copyright Management Information and the Adoption of the DMCA**

27. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

28. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

29. CoreLogic denies the allegations of this paragraph.

30. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

31. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

32. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

33. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

34. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

35. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

36. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

37. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

38. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

**C.   Copyright Management Information Metadata Used by Plaintiffs and Class Members**

39. CoreLogic denies the allegations of this paragraph.

40. CoreLogic denies the allegations of this paragraph.

41. This paragraph consists of hypothetical statements, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

42. CoreLogic denies the allegations of this paragraph.

43. CoreLogic admits that under the Exif standard, which is used by some digital cameras, tags may be associated with images. CoreLogic admits that some digital cameras record Exif information which sometimes includes date, time, information about the camera, image orientation, aperture, shutter speed, focal length, metering mode, and ISO speed. CoreLogic admits that some digital cameras embed thumbnails within larger image files. CoreLogic denies the remaining allegations of this paragraph.

44. CoreLogic admits that some image files conforming to the Exif standard include information within tags called "Artist" and "Copyright." CoreLogic denies the remaining allegations of this paragraph.

45. CoreLogic denies the allegations of this paragraph.

46. CoreLogic denies the allegations of this paragraph.

47. CoreLogic denies the allegations of this paragraph.

**D.  CoreLogic's Removal, Alteration or Falsification of Metadata Used by Plaintiffs and Class Members**

48. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

49. CoreLogic denies the allegations of this paragraph.

50. CoreLogic denies the allegations of this paragraph.

51. CoreLogic lacks information sufficient to identify what is referred to by the word "it" in this paragraph, and thus lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

52. CoreLogic denies the allegations of this paragraph.

53. CoreLogic denies the allegations of this paragraph.

54. CoreLogic denies the allegations of this paragraph.

55. CoreLogic denies the allegations of this paragraph.

56. CoreLogic denies the allegations of this paragraph.

57. CoreLogic denies the allegations of this paragraph.

### E. CoreLogic's Knowledge that its Removal, Alteration or Falsification of Metadata Used by Plaintiffs and Class Members Enables, Facilitates or Conceals Infringement

58. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

59. CoreLogic denies the allegations of this paragraph.

60. CoreLogic denies the allegations of this paragraph.

61. CoreLogic denies the allegations of this paragraph.

62. CoreLogic denies the allegations of this paragraph.

63. CoreLogic denies the allegations of this paragraph.

64. CoreLogic denies the allegations of this paragraph.

65. CoreLogic denies the allegations of this paragraph.

66. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

### F. Examples of Removal, Alteration or Falsification By CoreLogic of Stevens' Copyright Management Information

67. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

68. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

69. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

70. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

71. CoreLogic denies the allegations of this paragraph.

72. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

73. CoreLogic denies the allegations of this paragraph.

74. CoreLogic denies the allegations of this paragraph.

75. CoreLogic denies the allegations of this paragraph.

76. CoreLogic denies the allegations of this paragraph.

**G.  Examples of Removal, Alteration or Falsification by CoreLogic of Vandel's Copyright Management Information**

77. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

78. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

79. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

80. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

81. CoreLogic admits that Sandicor has a business relationship with CoreLogic. CoreLogic denies the remaining allegations of this paragraph.

82. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

83. CoreLogic denies the allegations of this paragraph.

84. CoreLogic denies the allegations of this paragraph.

**H.  Other Examples of Removal, Alteration or Falsification of Copyright Management Information by CoreLogic**

85. CoreLogic lacks information sufficient to admit or deny the allegations of the first sentence this paragraph, and on that basis denies those allegations. CoreLogic denies the remaining allegations of this paragraph.

## V.  CLASS ALLEGATIONS

86. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

87. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

88. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

89. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

90. CoreLogic denies the allegations of this paragraph.

91. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

92. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

93. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

94. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

95. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

96. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

97. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

98. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

99. CoreLogic admits that it maintains an office in San Diego, though the personnel in office do not perform work relating to MLS software. CoreLogic admits that CoreLogic's corporate headquarters at 40 Pacifica in Irvine, California is a 79-mile drive from 880 Front Street in San Diego. The remainder of this paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the remaining allegations of this paragraph.

100. This paragraph consists of legal conclusions, to which no response is required.

### VI.   COUNT I - VIOLATION OF 17 U.S.C. § 1202

101. This paragraph consists of an incorporation by reference, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

102. CoreLogic lacks information sufficient to admit or deny the allegations of this paragraph, and on that basis denies those allegations.

103. CoreLogic denies the allegations of this paragraph.
104. CoreLogic denies the allegations of this paragraph.
105. CoreLogic denies the allegations of this paragraph.
106. CoreLogic denies the allegations of this paragraph.
107. CoreLogic denies the allegations of this paragraph.
108. CoreLogic denies the allegations of this paragraph.
109. CoreLogic denies the allegations of this paragraph.
110. CoreLogic denies the allegations of this paragraph.
111. CoreLogic denies the allegations of this paragraph.

112.   CoreLogic denies the allegations of this paragraph.

113.   CoreLogic denies the allegations of this paragraph.

114.   CoreLogic denies the allegations of this paragraph.

115.   CoreLogic denies the allegations of this paragraph.

116.   CoreLogic denies the allegations of this paragraph.

117.   CoreLogic admits that its revenues, across all of its lines of business, totaled approximately $1.3 billion in 2013.  CoreLogic admits that the language quoted in the fourth sentence of this paragraph appeared in its 2012 Annual Report.  CoreLogic denies the remaining allegations of this paragraph.

118.   CoreLogic denies the allegations of this paragraph.

119.   This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

## VII.   COUNT II - DECLARATORY RELIEF

120.   This paragraph consists of an incorporation by reference, to which no response is required.  To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

121.   This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

122.   This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

123.   This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

124. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, CoreLogic denies the allegations of this paragraph.

## VIII.  PRAYER FOR RELIEF

CoreLogic denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## IX.   JURY DEMAND

CoreLogic demands a jury trial on all claims so triable.

## AFFIRMATIVE DEFENSES

CoreLogic respectfully pleads the following affirmative defenses. In reliance on the Court's Order of November 17, 2015, ECF No. 118, CoreLogic omits defenses going to the question whether CoreLogic acted "without the authority of the copyright owner or the law," since the Court has ruled that this is an element that Plaintiffs must prove. ECF No. 118 at 7. Likewise, CoreLogic omits defenses going to the question whether any act constitutes "infringement," 17 U.S.C. § 1202(a), or "an infringement of any right under this title," 17 U.S.C. § 1202(b), since the court has ruled that this is an element that Plaintiffs must prove. *Id.* The omission of those defenses is not intended to constitute a waiver.

## FIRST AFFIRMATIVE DEFENSE
*(Acquiescence)*

Plaintiffs' claims and the relief sought for such claims are barred by acquiescence. Plaintiffs allege that CoreLogic's MLS software platforms removed Copyright Management Information embedded in photograph metadata without authorization. However, any person who could download photographs from these MLS software platforms could check whether those photos contained metadata. Thus, on information and belief, Plaintiffs knew or should have known whether their photographs uploaded to a CoreLogic MLS software platform contained metadata including Copyright Management Information. However, Plaintiffs continued to sell, license, or otherwise provide their

photographs for upload to CoreLogic's MLS software systems.  In fact, on information and belief, Plaintiffs continued to sell, license, or otherwise provide their photographs for upload to CoreLogic's MLS software systems even after filing this action against CoreLogic.  Plaintiffs have acquiesced to the processing that they knew or should have known CoreLogic's systems were performing and cannot now be heard to complain about conduct they have condoned, either expressly or tacitly.

## SECOND AFFIRMATIVE DEFENSE

*(Waiver)*

Plaintiffs' claims and the relief sought for such claims are barred by waiver.  Plaintiffs allege that CoreLogic's MLS software platforms removed Copyright Management Information embedded in photograph metadata without authorization.  However, any person who could download photographs from these MLS software platforms could check whether those photos contained metadata.  Thus, on information and belief, Plaintiffs knew or should have known whether their photographs uploaded to a CoreLogic MLS software platform contained metadata including Copyright Management Information.  However, Plaintiffs continued to sell, license, or otherwise provide their photographs for upload to CoreLogic's MLS software systems.  In fact, on information and belief, Plaintiffs continued to sell, license, or otherwise provide their photographs for upload to CoreLogic's MLS software systems even after filing this action against CoreLogic.  Plaintiffs have knowingly relinquished their right to complain about how CoreLogic's MLS software systems processed photograph metadata, or have taken actions from which CoreLogic reasonably believed that Plaintiffs had knowingly relinquished their right to complain about how CoreLogic's MLS software systems processed photograph metadata.

## THIRD AFFIRMATIVE DEFENSE

*(Standing)*

Some or all of Plaintiffs' claims are barred because Plaintiffs do not own the rights for some or all of the works asserted, and therefore lack standing to bring the claims

asserted in the Second Amended Complaint.  For example, on information and belief, Plaintiff Robert Stevens does not own the copyright in any of the real estate photographs he has taken.  Rather, Plaintiff Affordable Aerial Photography, Inc. owns the copyrights in those photographs.  Because Plaintiff Stevens does not own the copyright in any of the images at issue in this case, the Complaint does not allege that Stevens has suffered any actionable harm.  Stevens cannot have been harmed by the removal or alteration of Copyright Management Information if he does not own the rights in the words whose Copyright Management Information he alleges was removed or altered.  There is, therefore, no justiciable case or controversy with respect to Plaintiff Stevens, and Mr. Stevens lacks standing to bring the claims set forth in the Second Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

*(Statute of Limitations)*

Plaintiffs' claims are limited or barred by the Statute of Limitations.  Section 507(b) of the Copyright Act provides a three-year statute of limitations.  Many of the accused CoreLogic MLS software platforms have been operating for more than three years.  Plaintiffs' Second Amended Complaint does not limit itself to claims that accrued within the three years proceeding Plaintiffs' commencement of this action.  Yet the statute of limitations specifically forbids claims under the Copyright Act unless commenced within three years of accruing.  Plaintiffs commenced this action on May 7, 2014.  Therefore, the Copyright Act bars any claims Plaintiffs or the class accrued before May 7, 2011.

Dated:  December 1, 2015                                                DURIE TANGRI LLP

                                                                By:      */s/ Michael A. Feldman*
                                                                         MICHAEL A. FELDMAN

                                                                Attorneys for Defendant
                                                                CORELOGIC, INC.

**CERTIFICATE OF SERVICE**

I certify that all counsel of record is being served on December 1, 2015 with a copy of this document via the Court's CM/ECF system.

                                                      */s/ Michael A. Feldman*
                                                      MICHAEL A. FELDMAN