DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
MICHAEL A. FELDMAN (SBN 295780)
mfeldman@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

Attorneys for Defendant
CORELOGIC, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MULTIPLE LISTING SERVICE REAL ESTATE PHOTO LITIGATION | Case No. 3:14-cv-01158-BAS-JLB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT OF DEFENDANT CORELOGIC, INC.'S MOTION TO STRIKE EXPERT OPINIONS OF ANDREW GREENBERG**<br><br>Date: March 16, 2016<br>Ctrm: 4B (4th Floor - Schwartz)<br>Judge: Honorable Cynthia Bashant<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## I. INTRODUCTION

Mr. Greenberg is a lawyer who has offered opinions about what the law—specifically, the Copyright Act and Digital Millennium Copyright Act—requires. Mr. Greenberg's opinions about copyright law are no more admissible as evidence than would be the opinions of the lawyers trying this case. This Court will instruct the jury as to what the law is. That is why the Ninth Circuit has repeatedly held that expert testimony on issues of law is improper and should be excluded.

In addition to offering opinions about statutory construction and case law directly, Mr. Greenberg also provides a list of legal propositions that he asserts "corporate general counsel and/or in-house counsel" would or should know. Those propositions are themselves legal conclusions. The fact that Mr. Greenberg attributes those legal conclusions to other attorneys does not transform them into proper expert testimony.

Nor does Mr. Greenberg provide any facts or explanation indicating why he expects other attorneys to view the law as he does. Mr. Greenberg's failure to provide any factual support or explanation for his opinions also means there is no way to determine whether his testimony is reliable. And any potential probative value of this testimony is outweighed by the risk of confusion and prejudice. Mr. Greenberg's opinions should be excluded because they cannot satisfy the requirements for expert testimony under Federal Rules of Evidence 402, 403, and 702 and Ninth Circuit precedent.

## II. STATEMENT OF FACTS

Plaintiffs disclosed Mr. Greenberg as an expert witness ostensibly on two subjects: (1) the application and interpretation of the Copyright Act of 1976 and the Digital Millennium Copyright Act ("DMCA") and (2) reasonable practices of corporate general counsel and/or in-house counsel. Declaration of Alexandra H. Moss in Support of Motion to Strike ("Moss Decl.") Ex. 1 at 4-5. On July 14, Plaintiffs served Mr. Greenberg's Preliminary Expert Report and Disclosure. Moss Decl. Ex. 2. Mr. Greenberg's report contains three sections: (1) a summary of the law, (2) a summary of the facts that he assumes to be true, and (3) a list of legal conclusions based on the preceding summaries.

The first section—"The Copyright Act and the DMCA"—purports to set forth the history, text, and interpretation of certain provisions of copyright law.  The second section—"Background"—recapitulates certain factual assertions from the parties' pleadings and discovery responses in this case.  The final section—"Practices of Corporate General Counsel and In-House Counsel"—offers conclusory statements about what Mr. Greenberg thinks other attorneys would or should know and advise clients regarding certain provisions of copyright law.

The only sources cited in Mr. Greenberg's report are: (1) the Constitution and copyright statute, (2) cases deciding questions of copyright law and waiver of attorney-client privilege, and (3) the parties' submissions—Plaintiffs' Second Amended Class Action Complaint, CoreLogic's Answer to that complaint, and CoreLogic's Response to Interrogatory No. 18.  Mr. Greenberg does not cite any other evidence or documents.  Nor does Mr. Greenberg identify any sources or method used to form his conclusions about what other attorneys would reasonably understand the law to require.

### III.   ARGUMENT

#### A.   Sections A and C of Mr. Greenberg's Report Offer Improper Legal Conclusions on Issues of Copyright Law

"[A]n expert cannot testify to a matter of law amounting to a legal conclusion." *United States v. Tamman*, 782 F.3d 543, 552-53 (9th Cir. 2015) (citing *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992).  For that reason, the Ninth Circuit has consistently affirmed the exclusion of expert testimony about what the law requires.  *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law."); *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("an expert witness cannot give an opinion as to her *legal conclusion. . . .*") (citation omitted).  Specifically, the Ninth Circuit in *Nationwide* upheld the exclusion of expert testimony on legal requirements imposed by the UCC.  *Id*. at 1065.  Similarly, the court in *Tamman* affirmed the exclusion of expert testimony because "the legal conclusion that [defendant] acted in conformity

with unidentified SEC rules and regulations and otherwise did not break the law . . . is not a proper expert opinion." 782 F.3d at 553.

The only sections of Mr. Greenberg's report which purport to include any opinions (Sections A and C) consist of nothing but legal conclusions. Section A, which addresses the Copyright Act and DMCA, repeats the provisions of the Constitution and U.S. Code. *See* Moss Decl. Ex. 2 ¶¶ 11 – 14 at 11 – 12. Mr. Greenberg also offers his opinions about certain aspects of copyright law, referencing judicial opinions as support. *See id.* ¶ 15 at 12. For example, Mr. Greenberg opines that "[p]hotographs are copyrightable subject matter[,]" and that "[t]his is so even when the photographs, like ones taken by real estate photographers such as the plaintiffs in the instant case, are largely 'factual,' rather than artistic, in nature." *Id.* In other words, Mr. Greenberg provides his opinion about what qualifies as copyrightable subject matter under the Constitution and Copyright Act. *See id.* The interpretation of statutory language constitutes a legal conclusion that should be excluded. Mr. Greenberg's opinions are indistinguishable from the "legal explanations and conclusions" the Ninth Circuit addressed in *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008). In *Nationwide*, the Ninth Circuit affirmed the district court's exclusion of testimony from an expert who, like Mr. Greenberg, provided explanations and conclusions about various laws at issue in the case—there, the Uniform Commercial Code and "how the UCC is applied in the [relevant] industry." *Id.* at 1056. As the Ninth Circuit explained, legal opinions should not come from expert witnesses because "[r]esolving doubtful questions of law is the distinct and exclusive province of the trial judge." *Id.* at 1058 (citation omitted). *See also United States v. Tamman*, 782 F.3d 543, 552-53 (9th Cir. 2015) (excluding expert testimony as to the "legal conclusion that [the defendant] acted in conformity with unidentified SEC rules and regulations. . . ."); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (affirming exclusion of expert's testimony concerning the legal question of contract interpretation). Mr. Greenberg's opinions in Section A of his report should thus be excluded as legal conclusions.

1    Section C, which addresses the supposed knowledge of corporate and in-house counsel, fares no better.  There, Mr. Greenberg merely repeats his opinions about what the law requires and asserts that other lawyers would or should agree with him.  For example, Mr. Greenberg opines that "CoreLogic and its counsel should know that such a defense [under §1203(c)(5)(A)] waives the attorney client privilege."  Moss Decl. Ex 2 ¶ 34 at 18.  This assertion merely repackages Mr. Greenberg's own opinion regarding what constitutes a waiver of attorney-client privilege and attributes that opinion to other lawyers.

Mr. Greenberg's assertions about what corporate and/or in-house counsel should know add nothing that could salvage his otherwise inadmissible opinions.  Those assertions reflect nothing but Mr. Greenberg's legal conclusions about what the Copyright Act and DMCA require—for example, "that photographs with removed CMI metadata may not be distributed via any CoreLogic product/service."  *Id.* ¶ 31 at 17.  Adding the assertion that "[c]orporate and/or in-house counsel would reasonably know" the substance of Mr. Greenberg's opinions does not transform those opinions into admissible expert testimony.  *See id.*  Those assertions merely attribute Mr. Greenberg's improper legal conclusions to other attorneys, without any support from observation, experience, or knowledge of anything beyond the law itself.

**B.    Mr. Greenberg Offers Opinions That Are Incorrect and Prejudicial**

Admitting Mr. Greenberg's opinions about the law would not only be improper—it would be prejudicial.

First, Mr. Greenberg invites the jury to draw an adverse inference from CoreLogic's assertion of the attorney-client privilege, in contravention of Ninth Circuit precedent.  Mr. Greenberg opines that "CoreLogic and its counsel should know that [an affirmative defense under §1203(c)(5)(A)] waives the attorney client privilege."  Moss Decl. Ex. 2 ¶ 34 at 18.  On its face, that assertion has no relevance to any issue that will be presented to the jury in this case.  The subtext, however, is an invitation to the jury to speculate that CoreLogic decided against invoking that provision in order to preserve the

attorney-client privilege, and thus that CoreLogic must be seeking to withhold damaging attorney-client communications.

Plaintiffs may not explicitly or implicitly ask the jury to draw any such inference. As the Ninth Circuit has explained, "a negative inference . . . against a person asserting the privilege stemmed from the recognition that the person refusing to answer the question posed had some affirmative duty to reveal such information." *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2000) (citations omitted). As the Ninth Circuit further recognized in *Doe*, in view of "the constitutional nature of the right implicated, an adverse inference from an assertion of one's privilege not to reveal information is too high a price to pay." *Id.* As a result, the Court should not permit Mr. Greenberg to testify regarding the waiver or non-waiver of the attorney-client privilege.

Mr. Greenberg's opinions should also be excluded because they misstate the law. Where the expert's "legal conclusions not only invade[] the province of the trial judge, but constitute[] erroneous statements of law[,]" admitting them is "not only superfluous but mischievous." *Nationwide*, 523 F.3d at 1059 (second citation omitted).

Mr. Greenberg errs when he asserts that "photographs with removed CMI metadata may not be distributed via any CoreLogic product/service[,]" and that "photographs with removed CMI metadata may not be distributed via any CoreLogic product/service and may not be displayed or downloaded, without consent of the copyright owner of those photographs." Moss Decl. Ex. 2 ¶¶ 30 & 32 at 17. Both of those assertions ignore the text of section 1202, which only makes the distribution of works with removed CMI unlawful by one "knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law," and "having reasonable grounds to know[] that it will induce, enable, facilitate, or conceal an infringement" of copyright. 17 U.S.C. § 1202(b). The first assertion also ignores the well-settled rule that a copyright owner's conduct may impliedly authorize others to use copyrighted material in ways that might otherwise infringe. *See, e.g.*, *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 559 (9th Cir. 1990) (holding that plaintiff impliedly licensed defendant's use of

special effects footage); *Kirtsaeng v. John Wiley & Sons, Inc.*, 133 S. Ct. 1351, 1389 (2013) (explaining that "the sale of a work of art to a U.S. museum may carry with it an implied license to publicly display the work.").

Mr. Greenberg's failure to consider the doctrine of implied license is likewise manifest in his broad assertion that "copyright . . . can only be transferred in a writing signed by the copyright owner." Moss Decl. Ex. 2 ¶ 27 at 16. While that statement largely parrots the statutory text governing a "transfer of copyright ownership," *see* 17 U.S.C. § 204(a), it completely ignores the portion of the statute stating that non-exclusive licenses like the ones CoreLogic received are *not* "transfers" as that term is used in the Copyright Act. As the statute explicitly states:

> A "transfer of copyright ownership" is an assignment, mortgage, exclusive license, or any other conveyance, alienation, or hypothecation of a copyright or of any of the exclusive rights comprised in a copyright, whether or not it is limited in time or place of effect, **but not including a nonexclusive license**.

17 U.S.C. § 101 (emphasis added). To the extent Mr. Greenberg is suggesting that a signed writing is required to transfer a non-exclusive license, he is wrong. To the extent that Mr. Greenberg is actually discussing a transfer of copyright ownership, his opinion is irrelevant because transfers of ownership are not at issue in this case: CoreLogic does not claim that it ever owned the copyrights in Plaintiffs' photographs, only that CoreLogic was *licensed* to use them and therefore acted lawfully. Mr. Greenberg's testimony should be excluded under Rule 403 because it invites unfair prejudice and jury confusion by confusing these two distinct concepts of ownership and license.

### C. Section C of Mr. Greenberg's Report Contains Unsupported and Unverifiable Assertions

To the extent Mr. Greenberg's assertions are viewed as anything other than legal conclusions, they cannot qualify as admissible expert testimony under Rule 702 because they are unsupported and unverifiable. The Federal Rules of Evidence only permit experts to offer opinions if "the testimony is based on sufficient facts or data[,]" "the testimony is the product of reliable principles and methods[,]" and "the expert has reliably

applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d). To be reliable, the expert's testimony must "have a reliable basis in the knowledge and experience of his discipline." *Copelan v. Techtronics Indus., Co.*, No. 12-cv-01285 BAS(MDD) (9th Cir. 2014), 2015 WL 1886510, at *2 (S.D. Cal. Apr. 24, 2015) (quoting *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 462 (9th Cir. 2014) (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 148 (1999))). As this Court has recognized, "[t]he duty falls upon the district court to act 'in a gatekeeping role, to assess whether the reasoning or methodology underlying the testimony is valid and whether that reasoning or methodology properly can be applied to the facts in issue.'" *Copelan*, at *2 (quoting *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 860 (9th Cir. 2014)). For that reason, courts do not admit expert testimony that is unsupported and unverifiable. For example, in *Ollier v. Sweetwater Union High School District*, 768 F.3d 843 (9th Cir. 2014), the Ninth Circuit approved the exclusion of testimony because the expert provided no information about "'what, if any, method [he] employed in arriving at his opinions[,]" rendering them indistinguishable from "personal opinions and speculation." *Id*. at 860 (citations omitted).

Mr. Greenberg's testimony should be excluded for this additional reason. Like the expert in *Ollier*, Mr. Greenberg provides no indication as to the sources or method that might support his generalizations about how other attorneys would advise their clients with respect to copyright law other than the law itself. For example, Mr. Greenberg asserts that "[c]orporate general counsel and/or in-house counsel should reasonably advise and require CoreLogic to identify, record and maintain information regarding the copyright owners of photographs that come into CoreLogic's possession[,]" Moss Decl. Ex. 2 ¶ 29 at 17, but provides no facts or reasoning to support that assertion. The same is true for all of Mr. Greenberg's assertions about the practices of corporate general counsel and/or in-house counsel. As a result, there is no basis to determine, let alone ensure, that these assertions are reliable. For that reason, Mr. Greenberg's assertions cannot qualify as reliable expert testimony under Rule 702.

## IV. CONCLUSION

For the foregoing reasons, CoreLogic respectfully requests that the Court exclude the expert opinions of Mr. Greenberg in their entirety.

Dated: February 12, 2016

DURIE TANGRI LLP

By: */s/Joseph C. Gratz*
DARALYN J. DURIE
JOSEPH C. GRATZ
MICHAEL A. FELDMAN

Attorneys for Defendant
CORELOGIC, INC.

Email: jgratz@durietangri.com

# CERTIFICATE OF SERVICE

I certify that all counsel of record is being served on February 12, 2016 with a copy of this document via the Court's CM/ECF system.

                                                  */s/ Joseph C. Gratz*
                                                  JOSEPH C. GRATZ