DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
MICHAEL A. FELDMAN (SBN 295780)
mfeldman@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

Attorneys for Defendant
CORELOGIC, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MULTIPLE LISTING SERVICE REAL ESTATE PHOTO LITIGATION | Case No. 3:14-cv-01158-BAS-JLB <br><br> **DEFENDANT CORELOGIC, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO "COPYRIGHT MANAGEMENT INFORMATION" METADATA** <br><br> Date: April 11, 2016 <br> Ctrm: 4B (4th Floor - Schwartz) <br> Judge: Honorable Cynthia Bashant <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT .........................................................................................................1

    A. Whether particular information is CMI depends on whether it meets the statutory definition, not on what "field" it is placed in. ............................1

    B. Plaintiffs' motion seeks an impermissible advisory opinion as to IPTC metadata. ...........................................................................................................4

        1. There is no evidence that any Plaintiff ever put anything in any IPTC field. ...........................................................................................5

            a. The motion includes no evidence that any Plaintiff ever put anything in any IPTC field. ...................................................5

            b. Plaintiffs' testimony shows that they used some EXIF fields, but no IPTC fields. ...........................................................5

        2. Because it requests a judgment on a legal hypothetical divorced from the facts, the motion requests an impermissible advisory opinion regarding IPTC metadata. .....................................................6

    C. The statute defines CMI to include only identifying information about the work, its author, or its copyright owner, or terms and conditions for the work's use. ................................................................................................7

        1. Many fields do not identify the photograph, but instead identify the person, artwork, or object depicted in the photograph. ...............10

        2. Many fields provide information about where, when, or with what camera the photo was taken, but do not identify the photograph, its author, or its copyright holder. ...................................11

        3. Information is not CMI simply because it is required by the copyright registration application form. ..............................................11

        4. Information is not CMI simply because it is a metadata field set forth in a standard. .............................................................................12

III. CONCLUSION....................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alabama State Fed'n of Labor v. McAdory*,
   325 U.S. 450 (1945) ........................................................................................... 6

*Ashcroft v. Mattis*,
   431 U.S. 171 (1977) ........................................................................................... 7

*Coal. for a Sustainable Delta v. Koch*,
   No. 1:08-CV-00397-OWW GSA, 2009 WL 2151842 (E.D. Cal. July 16, 2009) ................................................................................................................. 7

*Duncan v. Walker*,
   533 U.S. 167 (2001) ........................................................................................... 8

*Gardner v. CafePress Inc.*,
   No. 3:13-cv-1108-GPC-JLB, 2014 WL 4792958 (S.D. Cal. Sept. 25, 2014) ................................................................................................................. 3

*Gladwell Governmental Servs., Inc. v. Cty. of Marin*,
   No. C-04-3332 SBA, 2005 WL 2656964 (N.D. Cal. Oct. 17, 2005) ................. 7

*Imageline, Inc. v. CafePress.com, Inc.*,
   No. CV 10-9794 PSG (MANx), 2011 WL 1322525 (C.D. Cal. Apr. 6, 2011) ................................................................................................................. 3

*North Carolina v. Rice*,
   404 U.S. 244 (1971) ........................................................................................... 6

*Pacific Employers Ins. Co. v. Troy Belting & Supply Co.*,
   No. 1:11-CV-912, 2014 WL 2805312 (N.D.N.Y. June 20, 2014) ..................... 6

*Pacific Stock, Inc. v. MacArthur & Co.*,
   Civil No. 11-00720 JMS/BMK, 2012 WL 3985719, at *2 (D. Haw. Sept. 10, 2012), *report and recommendation adopted*, 2012 WL 4718313 (Oct. 2, 2012) ............................................................................................................. 4

*Propet USA, Inc. v. Shugart*,
   No. C06-0186-MAT, 2007 WL 4376201 (W.D. Wash. Dec. 13, 2007) ........... 4

*Tylor v. Rhythm of Life Cosmetics, Inc.*,
   Civ. No. 13-00280 DKW-KSC, 2014 WL 253012 (D. Haw. Jan. 23, 2014) ................................................................................................................. 3

*Tylor v. Welch*,
   No. CV13-00458 SOM-KSC, 2014 WL 1415006 (D. Haw. Apr. 11, 2014) ................ 3

*Williams v. Cavalli*,
   No. CV 14-06659-AB (JEMx), 2015 WL 1247065 (C.D. Cal. Feb. 12, 2015) ................................................................................................................. 3

# TABLE OF AUTHORITIES (Cont'd)

**Page(s)**

**Statutes**

17 U.S.C. § 101 .................................................................................................... 12

17 U.S.C. § 1202 ............................................................................................passim

17 U.S.C. § 401 ............................................................................................. 11, 12

17 U.S.C. § 409 .................................................................................................... 12

17 U.S.C. § 512 .................................................................................................... 12

Defendants respectfully submit this Opposition to Plaintiffs' Motion for Partial Summary Judgment as to "Copyright Management Information" Metadata, ECF No. 156.

## I. INTRODUCTION

Plaintiffs' motion asks this Court to rule that 151 different metadata "fields" fall within the definition of "copyright management information" set forth in 17 U.S.C. § 1202(c). This Court should deny the motion, for several independent reasons. *First*, the motion poses the wrong question: it requests a ruling with respect to *fields*, which may be blank, may contain gibberish, or may contain irrelevant information, rather than with respect to particular, concrete *information*, like "(c) 2012 Robert Stevens." *Second*, the motion devotes the bulk of its 25 pages to 102 "fields" defined by the International Press Telecommunications Council, or "IPTC"—but there is no evidence that the named Plaintiffs or any member of the putative class has ever used any of those 102 fields, which are for photojournalists rather than real-estate photographers. *Third*, the motion asks this Court to rule that numerous "fields" are "identifying" information under section 1202 when the information in each such field, even if it contained the information the standards documents say it is meant to contain, would not contain information to identify the work, its author, or its copyright holder, as that statute requires.

For the convenience of the Court, we have attached as an appendix a chart summarizing, for each of the 151 fields identified in Plaintiffs' motion, the ground or grounds discussed below on which the motion should be denied as to that field.

## II. ARGUMENT

### A. Whether particular information is CMI depends on whether it meets the statutory definition, not on what "field" it is placed in.

Digital image files can contain metadata, which can be placed in one or more "fields." Those fields may be blank or may contain data provided by the user or the user's equipment. As CoreLogic's expert Mr. Seiden explains in his report:

> Metadata that is not ordinarily visible, and can be perceived only using special image tools, can also be included in a digital image. The most commonly used type of invisible metadata is

> known as EXIF data. EXIF (which stands for "Extensible Image File") is a standard for the inclusion of invisible "metadata tags."
>
> …
>
> The EXIF specification defines many "tags" that may be applied to an image. An image may contain any of those tags, or none at all. It is common for digital cameras to fill in tags relating to the taking of the photograph itself—for example, "Camera maker," "Camera model," "F-stop," "Exposure time," "ISO speed," "Focal length," and so on. The EXIF specification also includes tags titled "Artist" and "Copyright" which, like all other EXIF tags, are optional.

Decl. Mark Seiden Supp. Def.'s Motion Summ. J. Ex. 1 at 007 ¶ 27, 008 ¶ 30, ECF No. 153-26.  Those fields may be entirely absent; they may be present but contain no data; or they may contain data.  *Id.* at 017 ¶ 72.

Perhaps not surprisingly, section 1202 defines "copyright management information" as certain kinds of *information*—for example, information that identifies the author of a work.  Plaintiffs' motion requests a ruling not that particular information (like "(c) 2012 Robert Stevens") constitutes CMI, but instead that 151 "metadata fields" identified in the motion constitute CMI, ***no matter what information they contain***.

This distinction is more than semantic.  Examples from Plaintiffs' own photos show why.  Mr. Seiden's analysis revealed that five of the 264 photos on Plaintiff Robert Stevens' website had "Creator" fields present.  One of those, magazines_10.jpg, has the data "Robert Stevens" in the "Creator" field.  153-26 at 017 ¶ 72.  That is CMI.  Another, residential_08.jpg, has the data "RobertStevens" (without a space) in the "Creator" field.  *Id.*  That, too, is CMI.  But two of the five, panorama_16.jpg and Robert_1.jpg, have "Creator" and "Copyright" fields in the file, but those fields are blank.  *Id.*  That is not CMI.  And the final file of the five, EXTERIOR.JPG, has gibberish in the "Creator" field: "°mrŕmrnr@nrpnr nrÐnr."  *Id.*  That, too, is not CMI.  In order for the Court to determine whether a piece of information constitutes CMI, the Court must have that information before it.  Plaintiffs' motion does not provide the Court with the basis it would need to determine whether any information is or is not CMI, because the motion does not provide

the information—only a list of "fields."

None of the cases Plaintiffs cite involve a ruling that a particular "field" constitutes CMI. Instead, in each of the cases, the court ruled that particular, concrete information constitutes CMI. Two of the cases cited stand for the unremarkable proposition that an artist's signature on his work is CMI, because it identifies the author of the work. *Williams v. Cavalli*, No. CV 14-06659-AB (JEMx), 2015 WL 1247065, at *2 (C.D. Cal. Feb. 12, 2015) (when they were affixed to the Plaintiffs' murals, Plaintiffs' pseudonyms—"Revok" and "Steel," respectively—were CMI); *Tylor v. Welch*, No. CV13-00458 SOM-KSC, 2014 WL 1415006, at *2 (D. Haw. Apr. 11, 2014) (when it was affixed to Plaintiffs' photographs, Plaintiff's name "Vincent K. Tylor" was CMI); *Tylor v. Rhythm of Life Cosmetics, Inc.*, Civ. No. 13-00280 DKW-KSC, 2014 WL 253012, at *3 (D. Haw. Jan. 23, 2014) (same).

Two others deal with the pleading standard for a section 1202 claim. In *Gardner v. CafePress Inc.*, the court granted leave to amend a complaint alleging violation of section 1202, finding that the allegation that the defendant had removed "the name of the author and/or copyright owner" was a sufficient allegation that the defendant had removed CMI. No. 3:13-cv-1108-GPC-JLB, 2014 WL 4792958, at *5 (S.D. Cal. Sept. 25, 2014). Similarly, in *Imageline, Inc. v. CafePress.com, Inc.*, the court found that a complaint's allegation that "[f]or each Image, Plaintiff embeds information within such Image's digital file identifying the owner, title and other information described under 17 U.S.C. § 1202(c)" was pleaded sufficiently to survive a motion to dismiss. No. CV 10-9794 PSG (MANx), 2011 WL 1322525, at *6 (C.D. Cal. Apr. 6, 2011) (alteration in original) (citation omitted),

The remaining decisions do not shed any light on what is or is not CMI. In *Propet USA, Inc. v. Shugart*, the photographer testified at trial: "All of my digital images that I take, my camera automatically embeds my copyright of my name, my studio and me as the author." Trial Tr. Vol. 2 at 123:3-5, *Propet USA, Inc. v. Shugart*, No. C06-0186-MAT (W.D. Wash. Oct. 15, 2007), ECF No. 147. The court held that this testimony provided a

3

sufficient basis for the jury to conclude that the image files that the photographer had delivered to his customer included CMI. *Propet USA, Inc. v. Shugart*, No. C06-0186-MAT, 2007 WL 4376201, at *3 (W.D. Wash. Dec. 13, 2007). And *Pacific Stock, Inc. v. MacArthur & Co.* was a ruling on a motion for default judgment containing no analysis of what was or was not CMI, and not specifying what CMI was alleged to have been removed. Civil No. 11-00720 JMS/BMK, 2012 WL 3985719, at *2 (D. Haw. Sept. 10, 2012), *report and recommendation adopted*, 2012 WL 4718313 (Oct. 2, 2012).

Thus, the ruling that Plaintiffs seek is literally unprecedented: that certain metadata "fields" meet the statutory definition of "copyright management information" no matter what information they contain. No court has ever so held, and there is no basis to do so here. The motion should be denied in its entirety because it does not seek a ruling that any particular *information* meets the definition of "copyright management information," but instead that certain "fields" meet that definition no matter what information they contain.

### B. Plaintiffs' motion seeks an impermissible advisory opinion as to IPTC metadata.

Of the 151 metadata "fields" identified in Plaintiffs' motion, 102 of them are "fields" defined by the International Press Telecommunications Council, or "IPTC." In accordance with its name and its slogan ("Information Technology for News"), the IPTC promulgates standards for photojournalism. Quinn Decl. Supp. Mot. Partial Summ. J. ("Quinn Decl.") Ex. 4 at ECF p. 9, ECF No. 156-6. Plaintiffs, of course, are not photojournalists; they are real-estate photographers. It thus comes as no surprise that Plaintiffs present no evidence that any Plaintiff—or any member of the putative class—has ever put anything, let alone CMI, in any of the 102 IPTC "fields" identified in Plaintiff's motion.

///
///
///

### 1. There is no evidence that any Plaintiff ever put anything in any IPTC field.

#### a. The motion includes no evidence that any Plaintiff ever put anything in any IPTC field.

Plaintiffs' Motion for Partial Summary Judgment ("Mot.") attaches voluminous exhibits totaling more than 250 pages. But notable by its absence is any evidence that any Plaintiff or any member of the putative class ever put anything in any IPTC field. The evidence submitted with the motion includes a listing of metadata on a special test file created by Plaintiffs' expert Mr. Sedlik. *See* Quinn Decl. Ex. 1 at 38-45, ECF No. 156-3. It includes a listing of the metadata on a photo taken with Plaintiff's counsel's iPhone. *See* Quinn Decl. ¶ 9 & Ex. 7. And it includes listings of the metadata on the same photo after Plaintiff's counsel added EXIF and IPTC metadata with specialized Adobe Lightroom software. *See* Quinn Decl. ¶ 10 & Ex. 9. But it includes no evidence whatsoever that any Plaintiff or any member of the putative class ever put anything in any IPTC field.

#### b. Plaintiffs' testimony shows that they used some EXIF fields, but no IPTC fields.

This lack of record evidence is itself sufficient to deny the motion as to the "IPTC" fields, but the record contains affirmative evidence that Plaintiffs have never used those fields. Plaintiff Robert Stevens testified that the only CMI in his photos was metadata accessible by viewing the "Properties" of the image file in the Windows operating system. "Every photo has metadata, I believe, and in order to pull up the metadata, you basically right-click on a mouse and a screen will pop up, with the details, and give you an array of information." Gratz Decl. Supp. Opp'n to Pls.' Mot. Summ. J ("Gratz Decl.") Ex. A at 002, 27:12-17. Stevens testified that he was not "aware of any metadata that doesn't show up in that properties window." *Id.* at 003, 74:18-23. Similarly, Plaintiff Vandel testified that he placed his company name in the "Copyright" field using his camera, Gratz Decl. Ex. B at 010, 36:8-19 and included his own name using his camera, *id.* at 35:4-9 at 009, but did not include any other information. *Id.* at 008, 28:14-17. He testified that he

accessed metadata only by using his computer's "file manager." *Id.* at 006, 25:10-26:14.

None of that information is IPTC information. As discussed in Plaintiffs' motion, only EXIF metadata is accessible "by accessing the file 'properties' with standard Windows and Apple operating systems[,]" Mot. at 4, while "IPTC Core" and "IPTC Extension" metadata can only be accessed through specialized "software such as Adobe Photoshop or Adobe Lightroom." *Id.* at 5, 6. Not only is there no evidence that any Plaintiff ever put any CMI in any IPTC field, but there is affirmative evidence that the named Plaintiffs didn't even know those fields existed.

### 2. Because it requests a judgment on a legal hypothetical divorced from the facts, the motion requests an impermissible advisory opinion regarding IPTC metadata.

Plaintiffs' motion asks that this Court rule regarding which of the "fields" listed would constitute "copyright management information" under the definition set forth in 17 U.S.C. §1202(c), *if* those fields were present in a file and contained information corresponding to their description in the IPTC Core and IPTC Extension standards document. That is a big "if," and, as discussed above, there is no evidence in the record that such a situation has ever occurred. Plaintiffs' motion seeks from this Court "an opinion advising what the law would be upon a hypothetical state of facts," *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)—specifically, what the law would be if, hypothetically, any of Plaintiffs' photos included IPTC metadata.

That is precisely the sort of "abstract, hypothetical or contingent question[]" that Article III courts may not consider, because the courts are "without power to give advisory opinions." *Alabama State Fed'n of Labor v. McAdory*, 325 U.S. 450, 461 (1945). Where, as here, a "motion for partial summary judgment does not seek to have the Court resolve any case or controversy presently before the Court, but instead asks the Court to explain the legal rules by which the factual issues which confront the parties may later be resolved," the motion must be denied, as it seeks an impermissible advisory opinion. *Pacific Employers Ins. Co. v. Troy Belting & Supply Co.*, No. 1:11-CV-912, 2014 WL 2805312, at *6 (N.D.N.Y. June 20, 2014). Thus, Article III courts may only

engage in the "an adjudication of present right upon established facts," not the provision of an "opinion upon a hypothetical basis." *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) (citation omitted).  When a motion seeks "partial summary judgment on an abstract issue of law (i.e., one entirely divorced from the facts of the case under consideration)," it must be denied.  *Coal. for a Sustainable Delta v. Koch*, No. 1:08-CV-00397-OWW GSA, 2009 WL 2151842, at *6 (E.D. Cal. July 16, 2009) (citation omitted).  *See Gladwell Governmental Servs., Inc. v. Cty. of Marin*, No. C-04-3332 SBA, 2005 WL 2656964, at *3 (N.D. Cal. Oct. 17, 2005) (denying motion for partial summary judgment seeking an advisory opinion regarding the issue of fair use in copyright law).

Thus, at least as to the 102 fields of IPTC metadata, the issues posed by Plaintiffs' motion request an impermissible advisory opinion and, as to those 102 fields, the Court's analysis needs go no further.

### C. The statute defines CMI to include only identifying information about the work, its author, or its copyright owner, or terms and conditions for the work's use.

In order to be copyright management information, the information must identify the work, 17 U.S.C. § 1202(c)(1), identify the author, *id.* § 1202(c)(2), identify the copyright owner, *id.* § 1202(c)(3), or provide terms and conditions for use of the work. *Id.* § 1202(c)(6).  Links or ID numbers referring to that information also count. *Id.* § 1202(c)(7).[1]

As discussed above, "fields" are not "copyright management information"—*information* that may have been placed in those fields may meet the statutory definition and thus may be "copyright management information."  But even if we are talking about information that meets the description of the information that is supposed to be put in a particular field according to the standards documents attached to Plaintiffs' motion, the

---

[1] Plaintiff's Motion does not argue that any "fields" fall within section 1202(c)(4) (identifying "a performer whose performance is fixed" in the work), section 1202(c)(5) (identifying "a writer, performer, or director" of an audiovisual work), or section 1202(c)(8) ("[s]uch other information as the Register of Copyrights may prescribe by regulation"), so we do not discuss them here.

vast majority of the 151 field descriptions identified by Plaintiffs do not meet the statutory definition. That is because, in order to be "identifying information" about the work, its author, or its copyright owner, the information must actually **identify** the work, its author, or its copyright owner. Merely being information **about** the work, its author, or its copyright owner is not enough; that would read the word "identifying" out of the statutory phrases "**identifying** information about the author," "**identifying** information about the copyright owner of the work," and "information **identifying** the work." The Supreme Court has directed courts "to give effect, where possible, to every clause and word of a statute" and to therefore be "reluctant to treat statutory terms as surplusage." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (citations and internal modifications omitted). The word "identifying" in the statute is given effect only if it is interpreted to mean information that actually *identifies* the work, its author, or its copyright owner.

For some of the fields, the answer is straightforward. Does the EXIF ImageDescription field identify the work if it contains "[a] character string giving the title of the image"?[2] Certainly. Does the EXIF Copyright field identify the copyright owner if it contains "the copyright notice of the person or organization claiming rights to the image"?[3] It does. But few of the field descriptions straightforwardly call for "identifying information," and the vast majority of them call for information that simply does not identify the work, the author, or the copyright owner. For example, Plaintiff is asking this Court to rule that the IPTC Extension "Minor Model Age Disclosure" field constitutes "information identifying the work." Mot. at 20. That field is supposed to contain the "[a]ge of the youngest model pictured in the image, at the time that the image was made." *Id.* That might be information *about* an image, but knowing that the youngest model pictured in an image was 17 years old at the time the image was taken does not **identify** the image. (It is also particularly difficult to imagine the applicability of this argument to photographs of houses for sale—but that is a more general problem with this motion's

---

[2] Mot. at 8.
[3] Mot. at 22.

request for advisory opinions, as discussed above.) Other examples abound. For example, Plaintiff is asking this Court to rule that the EXIF GPSSpeed field constitutes "information identifying the work." Mot. at 13. That field is supposed to contain "the speed of GPS receiver movement"—in other words, how fast the camera is moving when the picture was taken. *Id.* Again, that might be information *about* an image, but one cannot identify an image simply by knowing that the image was taken while traveling at 35 miles per hour. (And, again, it is difficult to see the applicability of this field to pictures of houses for sale, which tend to hold still for photographs.) Nor can one identify the author of an image simply by knowing that the image was taken with a Nikon camera,[4] or that it was taken with a 75-300mm F4.5-5.6 lens,[5] or that it was taken by someone who lives in California.[6]

It cannot be enough that the information would be identifying if combined with some other information, because then every piece of information *about* a work, an author, or a copyright owner would be "identifying," since it might uniquely identify the work, the author, or the copyright owner if combined with some other information. For example, knowing that a photo was taken with a Nikon D7000 does not tell you which photo it is, or who took it, or who the copyright holder is, or what you're allowed to do with it. But if you also know that it was taken with the Nikon D7000 with serial number 8268623 on March 1, 2016, ***and*** you know that John Doe had sole possession of the Nikon D7000 with serial number 8268623 on March 1, 2016, *then* you can identify the photographer who took the photo. Just because there is some set of information in the world that could be combined with a given piece of information in order to make it identifying does not mean that *the given piece of information itself* is identifying. Any information "about" a work could be *combined* with other information to uniquely set that

---

[4] *See* Mot. at 22 (EXIF Make field: "The manufacturer of the recording equipment.").
[5] *See id.* at 23 (EXIF LensModel field: "This tag records the lens's model name and model number as an ASCII string.").
[6] *See id.* at 22 (IPTC Core State/Province field: "The contact information part denoting regional information such as state or province.").

work apart from all others—but, as discussed above, the statute does not say that all information "about" a work is CMI.

It was Plaintiffs' choice to frame this motion about abstract "fields" rather than concrete information that raises this problem. Given a particular set of information alleged to have been removed from a particular photo, this Court (or, if the facts are disputed, the jury) could decide whether or not that particular set of information is "identifying" under those particular circumstances. But in the abstract, few of the "fields" would necessarily call for "identifying" information: Just those calling for the work's title, the photographer's name, the copyright holder's name, or the copyright notice.

The problems with Plaintiffs' arguments as to the vast majority of the "fields" at issue in this motion fall into a few categories, which we discuss in turn.

### 1. Many fields do not identify the photograph, but instead identify the person, artwork, or object depicted in the photograph.

Out of the 151 fields identified by Plaintiffs, 54 of them do not identify the **photograph**, its author, or its copyright holder, but instead provide information about the person, artwork, or object **depicted** in the photograph. For example, the IPTC Extension Title field is defined as "A reference for the artwork or object in the image," and the IPTC Schema indicates that the user should "Enter the verbal and human readable name of the artwork or object in this image." Quinn Decl. Ex. 4 at ECF p. 53, ECF No. 156-6. That is not the title of the photograph; it is the title of **the thing the photograph depicts** (a field useful, for example, to museum archivists). But the statute limits "copyright management information" to identifying information about **the work** (i.e., the photograph), the author of the work (i.e., who took the photograph), and the copyright holder of the work (i.e., the copyright holder of the photograph). 17 U.S.C. § 1202(c). Knowing that a photograph depicts *The Thinker*, and that *The Thinker* was sculpted by Auguste Rodin, does not **identify** the photograph, the photograph's author, or the photograph's copyright holder. These fields do not constitute "copyright management information," even if they contain the information they are supposed to contain.

### 2. Many fields provide information about where, when, or with what camera the photo was taken, but do not identify the photograph, its author, or its copyright holder.

Another seven fields provide information about the equipment used to take the photo. That information does not identify the photograph, the photograph's author, or the photograph's copyright holder. At most, it identifies the camera and the lens. The camera and the lens are not the photograph's author or the photograph's copyright holder. Nikon does not take photographs; photographers take photographs. Even if I know that a particular photograph was taken with Nikon D7000 camera with serial number 8268623, that information does not tell me who took the photograph, or who owns copyright in it.

An additional 45 fields provide information about where and when the photograph was taken, but do not *identify* the photo. Knowing that a photo was taken near the Eiffel Tower does not tell you what photo it is, or who took the photo, or who owns copyright in the photo. Nor does knowing that a photo was taken at 3:46 PM on March 1, 2016 tell you what photo it is, or who took it, or who owns copyright in it.

### 3. Information is not CMI simply because it is required by the copyright registration application form.

In their motion, Plaintiffs argue that 11 fields are CMI because they are information that appears on the form one must submit in order to register a claim of copyright with the United States Copyright Office. Mot. at 8-10. Plaintiffs have confused two separate concepts in copyright law: a **notice** of copyright and an **application to register** copyright. The statute says that "[t]he name of, and other identifying information about, the copyright owner of the work, including the information set forth in a **notice** of copyright" constitutes CMI. 17 U.S.C. § 1202(c)(3) (emphasis added). It does not say anything about an application to register copyright. Notice of copyright is defined in 17 U.S.C. § 401(b):

> (b) Form of Notice.—If a notice appears on the copies, it shall consist of the following three elements:
>
> (1) the symbol © (the letter C in a circle), or the word "Copyright", or the abbreviation "Copr."; and

> (2) the year of first publication of the work, . . . ; and
>
> (3) the name of the owner of copyright in the work, or an abbreviation by which the name can be recognized, or a generally known alternative designation of the owner.

That is information which, if conveyed together, constitutes CMI. That makes sense, because that set of information will include enough information to identify the copyright holder. 17 U.S.C. § 401(b)(3). By contrast, an ***application to register*** copyright is defined in a different statutory section, 17 U.S.C. § 409, which states that "[t]he application for copyright registration shall be made on a form prescribed by the Register of Copyrights and shall include" ten enumerated pieces of information. Among that information is, for example, whether the work is or is not a "work made for hire" as that term is defined in 17 U.S.C. § 101—a piece of information which does not identify either the author or the copyright holder. *See* 17 U.S.C. § 409(4). When Plaintiffs assert that "[f]or photographs, the 'information set forth on a notice of copyright' [§1202(c)(1)] is set forth on Copyright Form VA," Mot. at 8, they are simply mistaken: they have mixed up a notice of copyright (which is referred to in the definition of CMI) with an application to register copyright (which has nothing to do with the definition of CMI).

### 4. Information is not CMI simply because it is a metadata field set forth in a standard.

In section III.B.2 of their Motion, Plaintiffs appear to argue that all metadata adhering to the EXIF or IPTC standards is "copyright management information" simply because it adheres to a standard, whether or not the information identifies the photograph, the photograph's author, or the photograph's copyright holder. In order to reach this conclusion, Plaintiffs reason in a perfect circle:

- Plaintiffs are trying to show that the EXIF and IPTC standards constitute "copyright management information"—that is, information ***identifying*** a copyrighted work. *See* Mot. at 22-23.

- Plaintiffs assert that everything meeting the definition of "standard technical measures" set forth in 17 U.S.C. § 512(i)(2) must constitute "copyright

management information," because "standard technical measures" is defined as a subset of "technical measures that are used by copyright owners to *identify* or protect copyrighted works."[7] Mot. at 10-11 (emphasis added).

- Plaintiffs assert that the EXIF and IPTC fields are "standard technical measures" because, Plaintiffs assert, they "can be used by copyright owners to *identify* a copyrighted work." Mot. at 12 (emphasis added). (This is where the rabbit goes into the hat; that assertion is precisely what Plaintiffs are trying to prove.)

- Therefore, Plaintiffs conclude, all EXIF and IPTC fields constitute "copyright management information"—that is, information *identifying* a copyrighted work.

This detour through other parts of the Copyright Act does not add anything to the analysis; the question remains whether the information identifies the photograph, the photograph's author, or the photograph's copyright holder, or whether it does not. And, as discussed in detail above, the vast majority of the fields identified in the motion simply do not.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment as to "Copyright Management Information" Metadata, ECF No. 156, should be denied in its entirety.

Dated: March 21, 2016             DURIE TANGRI LLP

By:    */s/ Joseph C. Gratz*
       JOSEPH C. GRATZ

Attorneys for Defendant
CORELOGIC, INC.

---

[7] Note, of course, that even this premise does not follow; some "standard technical measures" are "technical measures that are used by copyright owners to . . . protect copyrighted works" but do not identify those works. Mot. at 10.

13

**CERTIFICATE OF SERVICE**

I certify that all counsel of record is being served on March 21, 2016 with a copy of this document via the Court's CM/ECF system.

*/s/ Joseph C. Gratz*
JOSEPH C. GRATZ