UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STEVENS and STEVEN VANDEL, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br>v.<br>CORELOGIC, INC.,<br>　　　　　　　　　　　Defendant. | Case No.:  14-cv-1158 BAS (JLB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO PAY PROFESSOR JEFF SEDLIK'S FEES INVOICED FOR DEPOSITION PREPARATION AND REVIEW**<br><br>**[ECF No. 157]** |

## I.  INTRODUCTION

Presently before the Court is Plaintiffs' Motion to Compel Defendant to Pay Professor Jeff Sedlik's Fees Invoiced for Deposition Preparation and Review. (ECF No. 157.)  Also before the Court is Defendant's Opposition to Plaintiffs' Motion. (ECF No. 158.)  Having considered all of the briefing and supporting documents presented, for the reasons set forth below, Plaintiffs' Motion is **GRANTED in part and DENIED in part**.

Defendant noticed the deposition of Plaintiffs' metadata expert, Professor Jeff Sedlik, on August 26, 2015 (ECF No. 157-6), and the deposition was taken on September 11, 2015 (*see* ECF No. 157-7 at 1).  The deposition lasted 7.8 hours, of which 6.25 hours were on the record.  (ECF No. 158 at 2.)

At some time prior to Professor Sedlik's deposition, the parties "mutually agreed [that] CoreLogic w[ould] pay Mr. Sedlik for time reasonably spent in deposition, preparation, and travel" at his hourly billable rate of $650.00. (ECF No. 157-2 at ¶¶ 10, 12.) After completion of the deposition, Plaintiffs provided Defendant with three invoices for Professor Sedlik's deposition-related fees. The first invoice, in the amount of $6,305.00, was for Professor Sedlik's time spent testifying at and traveling to and from the deposition. (ECF No. 158 at 2.) The second invoice, in the amount of $18,087.00, was for Professor Sedlik's time spent preparing for the deposition, as well as his administrative assistant's time in helping him prepare. (ECF No. 157-8.) The third invoice, in the amount of $3,315.00, was for Professor Sedlik's time spent reviewing the deposition transcript and drafting an errata sheet. (ECF No. 157-10.)

Defendant paid the invoice for Professor Sedlik's time spent testifying at and traveling to and from his deposition but did not pay the invoices for Professor Sedlik's time spent preparing for the deposition and reviewing and correcting the deposition transcript. (ECF No. 157-1 at 3.) The parties dispute whether Defendant is required to reimburse Plaintiffs for Professor Sedlik's fees for his deposition preparation and review and, if so, whether Defendant must reimburse Plaintiffs in full.

## II.  PROFESSOR SEDLIK'S DEPOSITION PREPARATION

Professor Sedlik spent a total of 33.5 hours preparing for his deposition. (ECF No. 157-8 at 1.) His preparation activities included scheduling his deposition (0.6 hours), discussing matters (2.5 hours), reviewing approximately 800 pages of material (24.5 hours), and attending a pre-deposition meeting with Plaintiffs' counsel (5.9 hours).[1] (*Id.* at 2; ECF No. 157-1 at 5.) After his deposition, he submitted an invoice for 29 hours at a rate of $650.00 per hour for his deposition preparation time and 3.9 hours at a rate of $150.00 per hour for his administrative assistant's time spent on unidentified activities. (ECF No. 157-8 at 1.) The invoice totaled $18,087.00, which Plaintiffs paid in full. (*Id.*)

---

[1] Of the 33.5 hours spent, Professor Sedlik deducted 4.5 "No Charge" hours. (ECF No. 157-8 at 2.)

Plaintiffs now move to compel Defendant to reimburse them in full for Professor Sedlik's deposition preparation fees on the basis "[t]he parties are in general agreement that Rule 26(b)(4)(E)(i) requires payment for deposition preparation." (ECF No. 157-1 at 4; ECF No. 157-2 at ¶ 23.) In addition, Plaintiffs contend that Professor Sedlik's itemized invoice states, "All invoiced charged [sic] are deemed accurate unless we are notified of any errors within ten (10) calendar days of invoice delivery," and Defendant "never attacked any specific line item detail as inaccurate as to 'time spent.'" (ECF No. 157-1 at 5.)

Defendant, in its Opposition, argues it has "no obligation to pay" Professor Sedlik's deposition preparation fees under either the Federal Rules of Civil Procedure or any agreement between the parties. (ECF No. 158 at 2–5.) With respect to the Federal Rules, Defendant argues that courts in this circuit have declined to shift experts' deposition preparation fees to deposing parties under Rule 26(b)(4)(E)(i). (*Id.* at 3–4 (citing *Eastman v. Allstate Ins. Co.*, No. 14-cv-00703-WQH (WVG), 2016 WL 795881, at *6 (S.D. Cal. Feb. 29, 2016); *Rock River Commc'ns, Inc. v. Universal Music Grp.*, 276 F.R.D. 633, 634–35 (C.D. Cal. 2011)).) With respect to the agreement between the parties regarding the payment of expert deposition preparation fees, Defendant argues Plaintiffs repudiated that agreement on September 3, 2015, when Plaintiffs' counsel stated in an e-mail, "the money due to Prof. Sedlik is not per an 'agreement.'" (*Id.* at 2.)

Federal Rule of Civil Procedure 26(b)(4)(E)(i) provides, "Unless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee *for time spent in responding to discovery* under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. P. 26(b)(4)(E)(i) (emphasis added). However, the vague language of the Rule and the relevant Advisory Committee Note does not address whether time spent by experts preparing for their depositions qualifies as "time spent in responding to discovery," and there has been considerable disagreement among the courts regarding whether expert deposition preparation meets this definition. *See Fulks v. Allstate Property and Casualty, Ins. Co.*, 14-cv-29473, 2016 WL 447628, at *2 (S.D. W. Va. Feb. 4, 2016). There is

currently no Ninth Circuit authority on point and no consensus among the district courts in this circuit. *See Eastman*, 2016 WL 795881, at *4.

With respect to whether an expert's deposition preparation fees must be paid by the deposing party, the courts have generally taken one of four positions. First, some courts have held that the deposing party must pay the expert's fees for time reasonably spent preparing for the deposition. *See, e.g.*, *United States ex rel. Liotine v. CDW-Government, Inc.*, 05-cv-33-DRH-DGW, 2012 WL 1252982, at *2 (S.D. Ill. Apr. 13, 2012); *Packer v. SN Servicing Corp.*, 243 F.R.D. 39, 43 (D. Conn. 2007); *Lent v. Fashion Mall Partners, L.P.*, 223 F.R.D. 317, 318 (S.D.N.Y. 2004); *Collins v. Vill. Of Woodridge*, 197 F.R.D. 354, 355 (N.D. Ill. 1999). Second, some courts have held that the deposing party must pay the expert's fees for time reasonably spent preparing for the deposition, except for the time the expert spent consulting with the retaining party's counsel. *See, e.g.*, *Ndubizu v. Drexel Univ.*, No. 07-3068, 2011 WL 6046816, at *3 (E.D. Pa. Nov. 16, 2011); *All Cities Realty, Inc. v. CF Real Estate Loans, Inc.*, SA CV 05-615 AHS (MLGx), 2008 WL 10594412, at *6 (C.D. Cal. Mar. 14, 2008); *Mock v. Johnson*, 218 F.R.D. 680, 683 (D. Haw. 2003); *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 647 (E.D.N.Y. 1997); *Hose v. Chicago & North W. Transp. Co.*, 154 F.R.D. 222, 228 (S.D. Iowa 1994). Third, at least one court has held that the deposing party is not required to pay any fees for the time the expert spent preparing for the deposition. *See, e.g.*, *Rock River Commc'ns*, 276 F.R.D. at 634–37. And fourth, some courts have held that the deposing party is required to pay the expert's fees for time reasonably spent preparing for the deposition only in complex cases or in extenuating circumstances. *See, e.g.*, *Eastman,* 2016 WL 795881, at *6; *Fiber Optic Designs, Inc. v New England Pottery, LLC*, 262 F.R.D. 586, 594 (D. Colo. 2009); *3M Co. v. Kanbar*, C06-01225 JW (HRL), 2007 WL 2972921, at *3 (N.D. Cal. 2007); *M.T. McBrian, Inc. v. Liebert Corp.*, 173 F.R.D. 491, 493 (N.D. Ill. 1997); *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 154 F.R.D. 212, 214 (E.D. Wis. 1994).

This Court is in agreement with those that hold that reasonable expert deposition preparation fees are compensable only in complex cases or in extenuating circumstances.

*See, e.g.*, *Eastman*, 2016 WL 795881, at *6. "Although it is true that most lawyers are likely to insist that their experts spend some time preparing for a deposition, and that a well-prepared expert's deposition may proceed more efficiently, there are countervailing concerns" regarding shifting expert deposition preparation fees to the deposing party. *See Rock River Commc'ns*, 276 F.R.D. at 635–36 (internal citations omitted).

First, the deposing party has no control over how much time an expert will spend preparing for a deposition, as this amount of time will generally depend on the preferences of the expert and retaining counsel. *Id.* at 636; *Eastman*, 2016 WL 795881, at *5. "Some lawyers might ask an expert to briefly reread his or her report, while others might demand that he or she devote several days to deposition preparation." *Rock River Commc'ns*, 276 F.R.D. at 636. In addition, some experts may feel well prepared after reviewing only their report, whereas others may need to review not only their report but also the underlying facts and data that support their opinions and the reports and deposition testimony of rebuttal experts. *Id.* When an expert's deposition preparation fees are shifted from the retaining party to the deposing party, the risk of unfairness is great, as the retaining party determines how much preparation is desirable and the deposing party must pay for it. *Id.* This risk of unfairness is especially great when the deposing party has no way of predicting how much time an expert may spend preparing for a deposition and thus no way of determining whether the deposition is worth taking at all. *Id.*

Second, an expert's deposition preparation may encompass tasks undertaken strictly for the benefit of the retaining party, such as educating the expert about the deposing party's strategy, instructing the expert how to behave during the deposition, or employing a mock cross-examination to prepare the expert to testify persuasively. *Id.* "Courts have noted the unfairness of requiring the inquiring party to subsidize such essentially hostile activities." *Eastman*, 2016 WL 795881, at *6.

Third, because expert depositions typically are taken shortly before trial, deposition preparation and trial preparation often inevitably overlap. *See id.* As stated well by the court in *Rhee v. Witco Chemical Corporation*, "An expert's deposition is in part a dress

5

14-cv-1158 BAS (JLB)

rehearsal for his testimony at trial and thus his preparation is part of trial preparation. One party need not pay for the other's trial preparation." 126 F.R.D. 45, 47 (1989).

Fourth, judges are rarely in an ideal position to determine how long it should reasonably take any particular expert to prepare for a deposition in any particular case. Such an inquiry would depend on a number of variables—the way in which the expert thinks and works, the amount at stake in the case, the complexity of the underlying facts and data, the time that has passed between the release of the expert's report and his deposition—and would largely result in judges playing guessing games. *See Eastman*, 2016 WL 795881, at \*5. For these reasons, this Court is not persuaded that a deposing party should *always* be required to pay for an expert's deposition preparation fees.

On the other hand, this Court is cognizant of the deliberately vague language of Rule 26(b)(4)(E)(i) and the relevant Advisory Committee Note that states without further elaboration, "Concerns regarding the expense of such depositions should be mitigated by the fact that the expert's fees for the deposition will ordinarily be borne by the party taking the deposition." Fed. R. Civ. P. 26 advisory committee's note to 1993 amendments. As other courts have observed, "The Advisory Committee Note's use of the phrase 'for the deposition' suggests that the shifting of expert fees is limited to the fees attributable to the deposition itself. . . . [but] the language of the Advisory Committee Note arguably could be construed differently." *Rock River Commc'ns*, 276 F.R.D. at 634. For this reason, this Court is also not persuaded that a deposing party should *never* be required to pay for an expert's deposition preparation fees.

Accordingly, this Court holds that requiring a deposing party to pay for an expert's deposition preparation fees should not be the rule but the exception, and this exception should apply only in complex cases or in other extenuating circumstances. *See Eastman*, 2016 WL 795881, at \*6.

Under ordinary circumstances, the Court would be inclined to find that such extenuating circumstances do not exist here, as Professor Sedlik's deposition was timely noticed and held, the witness was required to testify for less than eight hours, and the

documents he reviewed in preparation for his deposition were not exceptionally voluminous. However, the Court does not need to reach a conclusion on this issue, as it is clear from the moving papers that regardless of what Rule 26(b)(4)(E)(i) does or does not require Defendant to do, Defendant agreed to pay for Professor Sedlik's reasonable deposition preparation fees. (ECF No. 157-2 at ¶ 10.) Although Defendant argues Plaintiffs repudiated this agreement in a September 3, 2015 e-mail (ECF No. 158 at 2), the Court finds this argument unpersuasive. The September 3, 2015 e-mail of Plaintiffs' counsel states in relevant part, "To be clear, the money due to Prof. Sedlik is not per an 'agreement.' . . . The Rules provide for reasonable preparation and travel time." (ECF No. 157-2 at 5.) The Court understands this statement not as a repudiation of the parties' agreement, but as a clarification of Plaintiffs' position that regardless of any agreement between the parties, Defendant is still required to pay Professor Sedlik for his reasonable deposition preparation time under the Federal Rules of Civil Procedure. Defendant makes no other arguments as to why it should be excused from doing what it agreed to do. Accordingly, the Court finds the parties' agreement valid and enforceable, and Plaintiffs' Motion to compel Defendant to pay Professor Sedlik's reasonable deposition preparation fees is therefore **GRANTED**.

It remains, then, for the Court to determine what amount of Professor Sedlik's time spent preparing for his deposition, if any, is "reasonable." Plaintiffs assert all of Professor Sedlik's deposition preparation time is reasonable, as Professor Sedlik "reasonably requested" the report of and materials cited by Defendant's rebuttal expert, Gerald Bybee, and then "spent the time that he felt was necessary to fully testify for his deposition," which Defendant instructed Plaintiffs would last a full day. (ECF No. 157-1 at 5.)

Plaintiffs reject Defendant's position that Defendant should pay only a portion of Professor Sedlik's deposition preparation fees based on a 1.5 multiplier of the time spent on the record during the deposition. While opposing a multiplier in general, Plaintiffs specifically reject a multiplier of 1.5 and note that they "previously cited case law in support of a general multiplier of 3.0." (*Id.*) Plaintiffs' Motion cites no case law in support

of this position.

Defendant, in its Opposition, argues that if the Court grants Plaintiffs' Motion, Defendant should be required to pay for no more than 9 hours of Professor Sedlik's deposition preparation time, approximately 1.5 times the time spent on the record in the deposition, as 29 hours of preparation for a 6.25-hour deposition is "excessive, unreasonable, and disproportionate to the deposition itself." (ECF No. 158 at 5.)

The Court agrees with Defendant that spending 29 hours to prepare for a single-day deposition is excessive and unreasonable. For this reason, Plaintiffs' Motion to compel Defendant to pay *all* of Professor Sedlik's deposition preparation fees is **DENIED**. While the Court finds that neither Plaintiffs' nor Defendant's suggested multiplier for calculating the "reasonable" portion of Professor Sedlik's deposition preparation time is optimal, as both multipliers are arbitrary, the Court is persuaded that a multiplier of 1.5 is more fitting in this case. As Defendant notes in its Opposition, the court in *Collins* rejected a multiplier of 3.0 and found suitable a multiplier of 1.5 where an expert witness reviewed an "unusually extensive" amount of material in preparation for his deposition but where the expert witness's deposition was noticed and taken promptly after the release of all expert reports in the case. *See Collins*, 197 F.R.D. at 358. In the present case, Professor Sedlik reviewed 800 pages of material in preparation for his deposition. While this amount of material is significant, it certainly does not surpass the threshold of "unusually extensive." In addition, Professor Sedlik's deposition was held approximately two months after he wrote his report (*see* ECF No. 157-2 at ¶ 23), and therefore Professor Sedlik should not have needed more than a cursory review of his report and the materials he relied upon to prepare his report. Furthermore, the review of Mr. Bybee's rebuttal report and its supporting materials surely served as trial preparation as much as it served as deposition preparation. Accordingly, the Court finds a multiplier of 1.5 times the 6.25 hours spent on the record at Professor Sedlik's deposition is appropriate to calculate Professor Sedlik's "reasonable" deposition preparation, and Defendant shall therefore reimburse Plaintiffs **$6,110.00** for 9.4 hours of Professor Sedlik's deposition preparation time.

### III. PROFESSOR SEDLIK'S TRANSCRIPT REVIEW AND CORRECTION

In addition to his time spent preparing for the deposition, Professor Sedlik also spent 6 hours reviewing and correcting the 217-page transcript of his deposition. (ECF No. 157-10 at 1; ECF No. 158 at 3.) After making 31 corrections to his deposition transcript (*see* ECF No. 157-9), Professor Sedlik submitted an invoice for 5.1 hours at a rate of $650.00 per hour for his transcript review and correction time. (ECF No. 157-10 at 1.) The invoice totaled $3,315.00 (*id.*), which Plaintiffs paid in full. (ECF No. 157-1 at 2.)

Plaintiffs move to compel Defendant to reimburse them in full for Professor Sedlik's deposition review and correction fees on the same bases as stated above. Plaintiffs contend, "The parties are in general agreement that Rule 26(b)(4)(E)(i) requires payment for deposition review" and Professor Sedlik's invoice states, "All invoiced charged [sic] are deemed accurate unless we are notified of any errors within ten (10) calendar days of invoice delivery," and Defendant "never attacked any specific line item detail as inaccurate as to 'time spent.'" (ECF No. 157-1 at 6.)

Defendant argues, as it did above, that it has no obligation to pay Professor Sedlik's deposition review fees under either the Federal Rules of Civil Procedure or any agreement by the parties. (ECF No. 158 at 2–5.)

Unlike with the payment of Professor Sedlik's deposition preparation fees, the Court does not find the parties had a mutual agreement regarding the payment of Professor Sedlik's deposition review fees. As indicated by the moving papers, the parties' agreement regarding payment of expert deposition fees was limited to "time reasonably spent in deposition, preparation, and travel." (ECF No. 157-2 at 3, ¶ 10.) The agreement is silent as to the review and correction of Professor Sedlik's deposition transcript.

Absent an agreement by the parties, the Court must determine whether Defendant is required under Rule 26(b)(4)(E)(i) to reimburse Plaintiffs for Professor Sedlik's deposition review fees and, if so, to what extent. Several district courts have held that deposition transcript review and correction do not qualify as "time spent in responding to discovery." *See, e.g.*, *Rock River Commc'ns*, 276 F.R.D. at 635–36; *Patterson Farm, Inc. v. City of*

*Britton*, 22 F. Supp. 2d 1085, 1096 (D.S.D. 1998). But see *Ross-Hime Designs, Inc. v. United States*, 124 Fed. Cl. 69, 76–77 (2015). As stated well by the court in *Patterson Farm*, this is because

> if the party seeking the deposition were always required to pay for the time spent by the deponent reviewing and making changes to the deposition transcript, expert witnesses would be encouraged to review the transcript in every deposition regardless of the necessity of such an action. Such a requirement could threaten to result in manifest injustice under Fed. R. Civ. P. 26(b)(4)[(E)]. If such costs were borne by the expert witness or by the party who retained him or her, the decision to request the review would be made with greater consideration rather than simply as an act to force the party seeking the deposition to pay additional expenses.

22 F. Supp. 2d at 1096.

Although some courts have held deposition review and correction are not compensable activities under Rule 26(b)(4)(E)(i), in the interest of creating and preserving clean and accurate records, this Court holds that "preparing an errata sheet should be part and parcel of an expert's time spent responding to discovery under Rule 26(b)(4)(E)(i), and a reasonable fee related to reviewing the deposition for transcription errors is reimbursable." *Ross-Hime Designs*, 124 Fed. Cl. at 78. For this reason, Plaintiffs' Motion to compel Defendant to pay Professor Sedlik's deposition review fees is **GRANTED in part**.

In cases where time spent reviewing and correcting deposition transcripts was regarded as compensable under Rule 26(b)(4)(E)(i), courts have reduced experts' fees where the scope of their deposition corrections exceeded the limitations of Federal Rule of Civil Procedure 30(e)(1). *See, e.g.*, *Ross-Hime Designs*, 124 Fed. Cl. at 77–78. A deponent's ability to submit an errata sheet under Federal Rule of Civil Procedure 30(e)(1) is limited to reviewing the content for a court reporter's transcription and typographical errors, and Rule 30(e)(1) should not be interpreted as an opportunity to alter what was said under oath after the fact. *Id.* at 77. "A deposition is not a take home examination." *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002).

While Professor Sedlik was entitled to review the transcript of his deposition for transcription errors, his extensive 6-hour review and correction of the transcript was not reasonable in light of the limitations of Rule 30(e)(1). Professor Sedlik made several material changes to his deposition testimony that cannot be categorized as transcription errors,[2] and the Court will not require Defendant to pay Plaintiffs' expert for his substantive revisions to his deposition testimony. The Court finds reasonable a charge of 1.5 hours of Professor Sedlik's time spent reviewing and correcting the 217-page transcript of his 6.25-hour deposition. *See Ross-Hime Designs*, 124 Fed. Cl. at 78 (finding reasonable a charge of 1.5 hours for preparing an errata sheet for a 236-page transcript of complex technical testimony obtained during an approximately 7.5-hour deposition). Accordingly, Defendant shall reimburse Plaintiffs **$975.00** for 1.5 hours of Professor Sedlik's time spent reviewing and correcting his deposition transcript.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion is **GRANTED in part and DENIED in part**. Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant shall reimburse Plaintiffs in the amount of **$6,110.00** for 9.4 hours of Professor Sedlik's time spent preparing for his deposition; and

2. Defendant shall reimburse Plaintiffs in the amount of **$975.00** for 1.5 hours of Professor Sedlik's time spent reviewing and correcting his deposition transcript.

Dated: May 6, 2016

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[2] Such changes include changing "yes" to "no. those photographs are on the PLUS Coalition website, not the PLUS Registry web site," another "yes" to "no, other than logos, button and icons," "knowledge information" to "permission," and "properly" to "commonly." (ECF No. 157-9 at 1–2.)