UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STEVENS, et al.,<br><br>                      Plaintiffs,<br><br>   v.<br><br>CORELOGIC, INC.,<br><br>                      Defendant. | Case No. 14-cv-1158-BAS-JLB<br><br>**ORDER DENYING MOTION TO RE-TAX COSTS** |

## I. INTRODUCTION

Plaintiff real estate photographers brought an action against Defendant CoreLogic, Inc., alleging violations of the Digital Millennium Copyright Act, 17 U.S.C. §1202. (ECF No. 34.) Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs sought to take the deposition of CoreLogic on specified areas pertaining to the platform used to upload real estate photographs. CoreLogic designated nine employees who could answer questions regarding the designated areas and made these individuals available for depositions. (Declaration of Darren J. Quinn, ECF No. 211-2 ("Quinn Decl."), Exhs. 1-7.) Plaintiffs also deposed an additional seven CoreLogic employees. (Quinn Decl., Exhs. 8-11.)

On July 1, 2016, this Court granted summary judgment in favor of Corelogic

– 1 –

1  and the Clerk entered judgment against Plaintiffs.  (ECF Nos. 198, 199.)  CoreLogic
2  filed a Bill of Costs, seeking among other fees, a $40 witness fee for each of the
3  sixteen employee witnesses who were deposed.  (ECF No. 201.)  CoreLogic
4  submitted a declaration from its attorney, signed under penalty of perjury, attesting
5  that each of these costs were necessarily incurred in the action.  (*Id*.)  Over the
6  objection of Plaintiffs, the Clerk taxed costs in favor of CoreLogic, including the
7  $640 in witness fees. (ECF No. 209.)  Plaintiffs now move for review of the Clerk's
8  taxation of costs, arguing that this $640 should not have been awarded.

9       The Court finds this motion suitable for determination on the papers submitted
10 and without oral argument. *See* CivLR 7.1(d)(1).  For the reasons stated below, the
11 Court **DENIES** Plaintiffs' motion to retax costs.  (ECF No. 211.)

12 **II.   ANALYSIS**

13      Federal Rule of Civil Procedure 54 provides "[u]nless a federal statute, these
14 rules, or a court order provides otherwise, costs—other than attorney's fees—should
15 be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d)(1) codifies
16 a venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen.*
17 *Revenue Corp.*, 568 U.S. __, 133 S. Ct. 1166, 1172 (2013). This rule "also places on
18 the losing party the burden to show why costs should not be awarded." *Quan v.*
19 *Computer Sciences Corp.*, 623 F.3d 870, 888 (9th Cir. 2010) (quotations omitted).

20      Under 28 U.S.C. §1821 "a witness in attendance . . . before any person
21 authorized to take his deposition pursuant to any rule or order of a court of the United
22 States" "shall be paid an attendance fee of $40 per day for each day's attendance."
23 28 U.S.C. §1821(a)(1), (b). This witness fee is taxable as costs.  28 U.S.C. §1920(3).

24      Pursuant to Civil Local Rule 54.1, a prevailing party is entitled to fees paid to
25 witnesses, including $40 per day as provided in 28 U.S.C. §1821, even if the witness
26 attends voluntarily and is not under subpoena, and for witness fees for officers and
27 employees of a corporation if they are not parties in their individual capacities.
28 CivLR 54.1b4(a)(2), 54.1b4(c).  *See also Kemart Corp. v. Printing Arts Research*

– 2 –

*Labs.', Inc.*, 232 F.2d 897, 901 (9th Cir. 1956) (witness fees for corporate officers are recoverable as witness fees because no recovery was sought from the officers individually and their interest was not more than the natural concern of an officer for the welfare of his corporation); *El Dorado Irrig. Dist., v. Traylor Bros., Inc.*, No. CIV S-03-949 LKK/GGH, 2007 WL 512428, at *9 (E.D. Cal. Feb. 12, 2007) (although parties are generally not able to recover witness fees for their own attendance, "it is proper for the court to assess witness fees for directors and officers of a corporate party who are not personally involved in the litigation."); *Modick v. Carvel Stores of New York, Inc.*, 209 F. Supp. 361, 365 (S.D.N.Y. 1962) ("[W]itness fees are properly included as costs…pursuant to 28 U.S.C. §1920(3). This is true even where the witness is friendly and appears voluntarily and is an officer of a corporate defendant.")

Plaintiffs argue the witness fees were improperly allowed in this case because: (1) the witness fees were not incurred pursuant to a subpoena; (2) the depositions were of a party witness pursuant to Rule 30 and parties are not entitled to recover witness fees; (3) Defendant waived the witness fees by not requesting them at or prior to the depositions; (4) CoreLogic provided no evidence it paid any witness fees; (5) a single Rule 30(b)(6) deposition notice for which CoreLogic proffered nine witnesses counts as one deposition notice and, therefore, CoreLogic is entitled to only one witness fee. None of these arguments has merit.

First, as discussed above, neither the fact that the witnesses appeared voluntarily and not pursuant to subpoenas, nor the fact that these were employees of the Defendant, prevent Defendant from recovering witness fees. None of the individuals deposed was a named party, and none was personally involved in the litigation. Because the witnesses appeared voluntarily, they did not demand witness fees before appearing. This, however, does not mean Defendant waived the right to request the fees at a later date.

Furthermore, CoreLogic provided a declaration from its attorney under

– 3 –

penalty of perjury that each of these costs was necessarily incurred and that the witness fees were paid to each of the witnesses. This is sufficient evidence that it incurred the witness fees.

Finally, Plaintiffs' deposition notice issued pursuant to Rule 30(b)(6) asked for the corporate person most knowledgeable in 32 different areas of inquiry, including those who could describe how 14 different products and services worked, who used them, how much profit was made on them, how they were marketed, and various other areas including preservation of metadata in the listings. Reasonably, CoreLogic designated nine different employees who could help to answer these areas of inquiry. The fact that Plaintiffs may have used one omnibus notice of deposition does not protect them from the need to pay for each of the witnesses they requested to depose.

The Clerk correctly taxed costs for each of the sixteen witnesses deposed by the Plaintiffs at $40 each for a total of $640. The Motion to Retax Costs is **DENIED**.

**IT IS SO ORDERED**.

**DATED:  January 11, 2017**

Hon. Cynthia Bashant
United States District Judge